UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONITO CAURICE GOMEZ,

     Petitioner,                            Civil No. 23-cv-10481
                                              Hon. Matthew F. Leitman

v.

UNITED STATES OF AMERICA,

     Respondent.
_____/

## ORDER TRANSFERRING PETITION FOR A WRIT OF HABEAS CORPUS (ECF No. 1) TO THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Petitioner Ronito Caurice Gomez is a federal prisoner presently confined at the United States Penitentiary-Allenwood in White Deer, Pennsylvania.  On October 21, 2020, Gomez pleaded guilty in this Court to one count of Felon in Possession of Firearms in violation of 18 U.S.C. § 922(g) and one count of Possession of Controlled Substances with Intent to Distribute in violation of 21 U.S.C. § 841. (*See* Judgment, *United States v. Gomez*, E.D. Mich. Case No. 20-cr-20408, ECF No. 65, PageID.690.)  Another Judge of this Court subsequently sentenced Gomez to 84 months in custody. (*See id.*, PageID.691.)

On February 15, 2023, Gomez filed a *po se* petition a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241. (*See* Pet., ECF No. 1.)  In his petition, Gomez claims that the Federal Bureau of Prisons (the "BOP") failed to give him

1

appropriate sentencing credit on his federal sentence for time spent in state custody. (*See id.*)

"Any claim challenging sentencing credit determinations must be brought pursuant to 28 U.S.C. § 2241 in the district court having jurisdiction over the petitioner's custodian." *Clinkscale v. United States*, 367 F. Supp. 2d 1150, 1155 (N.D. Ohio 2005) (citing *Alvey v. United States*, 899 F.2d 1221, 1990 WL 40080, *1 (6th Cir. Apr. 9, 1990) (additional citations omitted)).  This rule follows from the essential foundations of federal habeas jurisdiction.  Under settled law, a district court may not entertain a habeas corpus petition unless it has personal jurisdiction over the custodian of the prisoner. *See*, *e.g.*, *Roman v. Ashcroft*, 340 F.3d 314, 318 (6th Cir. 2003) (explaining that "a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian").  For purposes of a habeas petition filed under Section 2241, Congress has "confined" the habeas power to "those district courts within whose territorial jurisdiction the [petitioner's] custodian is located." *Wright v. U.S. Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977).  Thus, habeas petitions under Section 2241 "shall be filed in the court having jurisdiction over the prisoner's custodian." *Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir. 1999).  "As a result, habeas corpus proceedings may occur in a court of confinement that is different from the court of conviction." *Martin v. Perez,* 319 F.3d 799, 803 (6th Cir. 2003).  A straightforward application of these

rules yields the conclusion that Gomez's habeas petition under Section 2241 must be heard in the Middle District of Pennsylvania.

The Court will transfer this action to that court pursuant to 28 U.S.C. § 1631. That statute authorizes a district court to transfer an action in which it lacks jurisdiction to the appropriate federal jurisdiction "if it is in the interest of justice." *Roman*, 340 F.3d at 328. Where a federal district court in which a habeas petition was brought lacks personal jurisdiction over the respondent, the district court may transfer the case to the appropriate district court *sua sponte. See Chatman-Bey v. Thornburgh,* 864 F.2d 804, 813-814 (D.C. Cir. 1988); *Verissimo v. I.N.S.*, 204 F. Supp. 2d 818, 820 (D.N.J. 2002). Because this Court does not have personal jurisdiction over Gomez's custodian, and because it is in the interest of justice, the Court will transfer the case to the federal district court that has such jurisdiction: the United States District Court for the Middle District of Pennsylvania. *See Ozoanya v. Reno,* 968 F. Supp. 1, 8 (D.D.C. 1997).

Accordingly, for the reasons explained above, the Court **ORDERS** the Clerk of the Court to **TRANSFER** this action to the United States District Court for the Middle District of Pennsylvania.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated:  March 6, 2023                          UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 6, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126